

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2004

# Buss v. Quigg

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4053

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Buss v. Quigg" (2004). *2004 Decisions.* Paper 1023.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1023

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-4053

_____

*MARIA T. BUSS, Individually and as Administratrix for the
Estate of Cyril F. Buss, Sr. Deceased; DANA BUSS

v.

JOHN QUIGG, Corporal; CAPTAIN LNU; LIEUTENANT LNU; SERGEANT LNU,

Corporal John Quigg,
Appellant

(*Amended per Clerk's Order on 12/5/02)

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 01-cv-03908 )
District Judge: Honorable Berle M. Schiller

_____

Submitted Under Third Circuit LAR 34.1(a)
on December 19, 2003

Before: ROTH and McKEE, Circuit Judges
CUDAHY*, Circuit Judge

(Opinion filed:  February 5, 2004)

_____

_____* Honorable Richard D. Cudahy, Circuit Court Judge for the Seventh Circuit,
sitting by designation.

OPINION

ROTH, <u>Circuit Judge</u>:

Maria T. Buss, suing on behalf of herself, the estate of her late husband, and their daughter, brought a 42 U.S.C. § 1983 action in the United States District Court for the Eastern District of Pennsylvania against Pennsylvania State Police Corporal John Quigg and three unnamed supervising officers. Buss's claims against Quigg included invasion of privacy, assault and battery, use of excessive force, illegal detention, false arrest, arrest without probable cause, arrest and detention without due process, unlawful entry, and false imprisonment. As to the unnamed supervising officers, Buss claimed that they had failed to adequately train, supervise and take remedial action against Quigg. The District Court granted summary judgment in favor of Quigg all claims except for unlawful entry and excessive force. Buss subsequently abandoned her claims against the three unnamed supervising officers. A jury found that Quigg had unlawfully entered the Buss home but that he had not used excessive force. The jury did not award any damages to plaintiffs in spite of its finding because of an error in the District Court's instructions. The District Court sought to rectify this error by granting plaintiffs nominal damages of one dollar each. Pursuant to 42 U.S.C. § 1988, the District Court also awarded Buss, as the

prevaling party, $34,660 in attorney's fees and $3,479 in costs[1]. Quigg now appeals

arguing that *Farrar v. Hobby,* 506 U.S. 103 (1992)*,* prevents civil rights plaintiffs, who

obtain only nominal damages on one of multiple claims, from receiving attorneys fees.

Alternatively, Quigg argues that the District Court abused its discretion in refusing to

reduce the fee award for limited success.

We have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291. We review an

award of attorney's fees for abuse of discretion. *General Instrument Corp. v. Nu-Tek*

*Elecs. & Mfg.*, 197 F.3d 83, 91 (3d Cir. 1999). The "question of what standards to apply

in calculating an award of attorney's fees is a legal question, and therefore we exercise

plenary review over this issue." *Id.* (quoting *Washington v. Philadelphia County Ct. of*

*Common Pleas*, 89 F.3d 1031, 1034-35 (3d Cir. 1996)).

When assessing whether a plaintiff who has won only nominal damages may

reasonably be awarded fees, courts look to the "degree of success obtained." *Farrar* at

114. "[W]hen a plaintiff recovers only nominal damages because of his failure to prove

an essential element of his claim for monetary damages, the only reasonable fee is usually

no fee at all." *Id.* at 115. Justice O'Connor's concurrence in *Farrar* also pointed to three

relevant indicia of success: the extent of relief, the significance of the legal issue on

---

[1]We note that Buss originally sought $35,560 in attorneys fees and $7,979 in costs. The District Court reduced the attorneys fees to deduct 4.5 hours spent on non-legal work; the District Court also allowed only $3,479 in costs, excluding $4,500 in non-compensable expert fees.

which the plaintiff prevailed, and the public purpose served by the litigation. *Id.* at 122.

When considering the reasonableness of an award of attorneys fees, the amount awarded "should reflect the extent to which the litigant was successful." *Washington*, 89 F.3d at 1043 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (stating "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.")).

Turning to the merits of Quigg's first argument, we agree with the District Court that, although the plaintiffs won only a partial victory, they were the prevailing party. The determination that Buss and her family acted rightly in defending their Fourth and Fourteenth Amendment rights is significant relief under *Farrar*. This is especially so when coupled with the legal significance of unreasonable search and seizure and the public purpose of deterring such behavior. We conclude also that the illegal entry component was a central element of Buss's claim. For these reasons, we agree with the District Court in finding that Buss did achieve a significant degree of success in prosecuting her claim and that Buss could recover attorneys fees in spite of the nominal damages she received.

As to Quigg's alternative argument that the District Court abused its discretion in refusing to adjust the fee award for limited success, we note that Buss's successful and unsuccessful claims arise out of a common core of facts – Quigg's unlawful entry – "making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*,

4

461 U.S. at 435. Quigg correctly points out, however, that reductions may be in order for partial success "even where the plaintiffs' claims were inter-related, nonfrivolous, and raised in good faith." *Id.* at 436. In this case, Buss succeeded only on the unlawful entry claim. Comparing that success to the scope of the litigation as a whole, Quigg's argument is not entirely without merit. Yet "when the trial court applies the correct legal standard, the court has discretion in determining the actual [attorneys] fees award." *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1222 (3d Cir. 1995) (citing *Hensley* 461 U.S. at 437; *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 378 (3d Cir. 1987)). Based on our review of the record, it is evident that the district judge carefully considered the claims on which Buss did not succeed and made a reasoned judgment that the time spent on these claims did not justify a reduction in the fees award. We therefore conclude that the District Court did not abuse its discretion in the amount of attorneys fees awarded .

For the reasons stated above, we will affirm the judgment of the District Court.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

                          <u>/s/ Jane R. Roth</u>
                               Circuit Judge